Eastern District of Kentucky
FILED
JUL 12 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-456-GWU

PHILLIP O. MOSHER,                                                          PLAINTIFF,

VS:                       MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT,

## INTRODUCTION

Phillip Mosher brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mosher, a 57 year-old former construction laborer, over-the-road truck driver, gas station attendant, and security guard with a "limited" education, suffered from impairments related to degenerative disc disease of the lumbar spine with bulges at L3-L4 and L4-L5, a history of hepatitis B, hypertension, possible angina, depression, and chronic obstructive pulmonary disease due to nicotine addiction with bronchiectasis. (Tr. 19, 21). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the claimant's past work as a security guard and service station attendant could still be performed, he could not be considered totally disabled. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security benefits. Therefore, the Court must grant the plaintiff's summary judgment

5

motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Mosher was found capable of performing a restricted range of light level work in an administrative decision which became final on August 27, 2002. (Tr. 39-44).[1]  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..."

Mosher notes that Dr. Roy Varghese, a treating source at Mary Breckinridge Healthcare, indicated in July of 2004 that he was unable to perform any repetitive lifting, walking or standing, could not lift more than ten pounds, and should not walk or stand for more than two hours in an eight-hour time period. (Tr. 216). The doctor also opined that the plaintiff was totally disabled. (Tr. 216). The physician cites his review of of x-rays, an MRI Scan and a CT Scan showing diffuse bulging at L3-L4, L4-L5, and degenerative changes through the lumbar spine in support of these findings. (Tr. 192, 216). The claimant asserts that, as the opinion of a treating source, this was binding on the ALJ.

These restrictions cited by Dr. Varghese are more severe than those found by the current ALJ or those noted in the August, 2002 denial decision (Tr. 44) and, so, suggest a deterioration in Mosher's condition since the prior denial

---

[1] This denial decision was affirmed by the undersigned on January 15, 2004. See Mosher v. Barnhart, London Civ. A. No. 03-16-GWU (E.D. Ky).

6

decision. The ALJ rejected Dr. Varghese's opinion because he did not believe it was consistent with the record as a whole. (Tr. 23). However, Dr. Varghese was the only treating or examining source to address the issue of the plaintiff's ability to perform work activities since such treating and examining sources as Dr. Muhammed Islam (Tr. 126-135), the staff at the Appalachian Regional Medical Center (Tr. 145-147), Dr. Vidya Yalamanchi (Tr. 148-160), Dr. Rafiqul Alam (Tr. 171-177) were silent on this question. The May, 2004 CT Scan revealing disc bulging at L3-L4 at least provides some support for the physician's opinion that deterioration occurred in the plaintiff's condition because this was not a finding made in the August, 2002 denial decision. (Tr. 44).

The ALJ's findings were consistent with the limitations identified by Dr. Jorge Baez-Garcia (Tr. 136-142) and Dr. Sudideb Mukherjee (Tr. 161-170), the non-examining medical reviewers, each of whom noted limitations fully compatible with the earlier denial decision. An ALJ may rely upon the opinion of a non-examiner over that of a examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789. 794 (6th Cir. 1994). However, the reviewers saw the record in April and October 2003 and, so, never had the opportunity to see and comment upon Dr. Varghese's July, 2004 opinion nor the May, 2004 Ct Scan upon which he relied. Therefore, their opinions cannot be used to support the administrative decision and the ALJ should at least have obtained the opinion of a medical advisor who had reviewed and commented upon the entire record if he did not believe that Dr. Varghese's opinion was well-supported.

Dr. Varghese's opinion at least restricts Mosher to a limited range of sedentary level work. This would preclude performance of the plaintiff's past relevant work since the ALJ noted that it was performed at the light exertional

7

level.[2] (Tr. 24). Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _12_ day of July, 2006.

*signature*
G. WIX UNTHANK
SENIOR JUDGE

---

[2] If the claimant were unable to return to past relevant work, Rules 202.02 and 201.02 of the Medical-Vocational Guidelines would direct a finding of disabled status for one of his age, education and work background.

8